FLEETWOOD TRAILER COMPANY
OF OHIO, Inc., Appellant,

v.

Jesse STANLEY d/b/a Courtesy Trailer
Sales, Irvin Davidson and Llewel-
ler Davidson, Appellees.

Court of Appeals of Kentucky.

Feb. 23, 1968.

Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellant.

Isaac Turner, Hyden, for appellees.

CULLEN, Commissioner.

Appellees Irvin Davidson and wife rescinded a contract by which they had agreed with Jesse Stanley, a dealer, for the purchase of a house trailer manufactured by appellant Fleetwood Trailer Company of Ohio. They sued both Stanley and Fleetwood to recover the down payment they had made, in the amount of $3,399. The trial court awarded recovery for that amount against the two defendants, jointly and severally. Fleetwood alone has appealed.

Fleetwood makes two arguments: (1) That the Kentucky trial court had no jurisdiction over it because it is an Ohio corporation that does not do business in Kentucky within the meaning of the process statute, KRS 271.610; and (2) that the Davidsons had no cause of action against Fleetwood for any relief growing out of rescission by the Davidsons of their contract with Stanley. We think the second argument is so plainly correct that we shall give the appellant relief on that ground and pass the more troublesome question of jurisdiction.

The evidence was that Stanley was a franchise dealer for Fleetwood and also was a dealer for other manufacturers of house trailers. Stanley's method of doing business was to *purchase* trailers from Fleetwood (and the other manufacturer), paying for them through a floor-plan financing arrangement with a finance company. He then sold the trailers on his own account. He was not an agent of Fleetwood. The contract under which the Davidsons purchased the trailer in question was made solely with Stanley, he got the money for the down payment, and Fleetwood was nowhere mentioned in the contract. Stanley went to Fleetwood's plant to get the trailer for delivery to the Davidsons, and at that time executed commercial paper to a Michigan bank and paid Fleetwood in full for the trailer. When Stanley delivered the traile. to the Davidsons they refused to accept it on the ground that it did not comply with the contract specifications. Thereafter they

brought the instant suit to recover their down payment.

We are unable to conceive of any theory on which the Davidsons, upon rescinding their contract with Stanley, could recover their down payment from Fleetwood, who was not Stanley's principal, was not a party to the contract, and did not get the down payment money. The trial judge, in his conclusions of law, found that "the trailer was not furnished to plaintiffs as Fleetwood was required to do under the purchase order." The fact is that Fleetwood was not *required* to do *anything* under the *purchase order*—it was not a party to the purchase order. The trial court also found that "the contract entered into between the plaintiffs and the *defendants* was rescinded." Again, the fact is that the plaintiffs did not have a contract with the defendant Fleetwood, either to be performed or to be rescinded.

The judgment is reversed with directions to enter judgment dismissing the complaint against Fleetwood Trailer Company of Ohio.

All concur.